**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 07-6789**

—————

RODNEY MOLLINS,

Petitioner - Appellant,

versus

WARDEN, Perry Correctional Institution; HENRY
MCMASTER, Attorney General for South Carolina,

Respondents - Appellees.

—————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  R. Bryan Harwell, District Judge.
(3:06-cv-01037)

—————

Submitted:  August 29, 2007      Decided:  September 12, 2007

—————

Before NIEMEYER and SHEDD, Circuit Judges, and WILKINS, Senior
Circuit Judge.

—————

Dismissed by unpublished per curiam opinion.

—————

Rodney Mollins, Appellant Pro Se. Donald John Zelenka, Melody Jane
Brown, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, for
Appellees.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Mollins seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2000) petition as untimely filed. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "'mandatory and jurisdictional.'" Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on March 27, 2006. The notice of appeal was filed on May 7, 2007.[*] Because Mollins failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).